# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. BRIAN GOODRICH

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-52613A     Don R. Ash, Judge**

---

**No. M2002-03017-CCA-R3-CD - Filed February 27, 2004**

---

The defendant pled guilty to possession of marijuana with intent to sell or deliver, a Class E felony, and simple possession of cocaine, a Class A misdemeanor. The Rutherford County trial court imposed an effective one-year sentence with ninety days incarceration followed by probation. On appeal, the defendant raises two issues: (1) whether the trial court erred in denying judicial diversion; and (2) whether the trial court erred in denying full probation. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Lance B. Mayes, Madison, Tennessee, for the appellant, Brian Goodrich.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Jennings H. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was a passenger in an automobile that was stopped for a routine traffic violation on September 20, 2001. After noticing the smell of burnt marijuana coming from the vehicle, the officer observed marijuana in the lap of the defendant. At that time, the officer asked the defendant and the driver to exit the automobile. The defendant then handed the officer a burning marijuana cigar. A search of the vehicle revealed thirty-nine separate "baggies" of marijuana weighing approximately eighty-three grams. A search of the defendant after his arrest revealed approximately two grams of cocaine in his shoe. Additionally, the officer found eleven "baggies" of cocaine on the co-defendant driver.

The defendant was indicted on one count of felony possession of marijuana with intent to sell or deliver and one count of possession of cocaine over .5 grams with intent to sell or deliver.

Pursuant to a negotiated plea agreement, the defendant pled guilty to possession of marijuana with intent to sell or deliver, a Class E felony, and simple possession of cocaine, a Class A misdemeanor. *See* Tenn. Code Ann. §§ 39-17-417(g)(1), -418(a). The agreement provided that the sentence on the marijuana conviction would be one year and the sentence on the cocaine conviction would be eleven months and twenty-nine days, with the trial court to determine whether the sentences would run concurrently or consecutively and the manner of service of the sentences. After a sentencing hearing, the trial court ordered the defendant to serve ninety days of incarceration on the one-year sentence on the marijuana count and ninety days of the eleven-months and twenty-nine-day sentence on the cocaine count, both to run concurrently.

## SENTENCING HEARING

The pre-sentence report indicates the defendant completed high school, attended one year of college, was currently employed as a barber, and had a prior conviction for Class A misdemeanor assault. The defendant admitted to the pre-sentence report officer that he smoked marijuana for the past five years and further admitted to smoking marijuana the night before his meeting with the officer. The report also indicates the defendant has a two-year-old child for whom he provides support. The defendant did not testify at the sentencing hearing.

The trial court ordered the defendant's two sentences to run concurrently. In denying full probation, the trial court noted the defendant had a prior criminal history, including the use of marijuana for five years; yet, the defendant had taken no steps toward seeking rehabilitation. The court also noted the marijuana offense was committed for the purpose of financial gain. The trial court also considered numerous positive factors, including the defendant's education, good work record, lack of an extensive record of criminal convictions, cooperation at the time of his arrest, and providing support for his child. After weighing these factors, the court ordered the defendant to serve ninety days of incarceration followed by probation.

## STANDARD OF REVIEW

This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Here, the trial court properly considered the sentencing principles and all relevant facts and circumstances; thus, the sentence is entitled to a presumption of correctness.

## JUDICIAL DIVERSION

The defendant first contends the trial court erroneously denied his request for judicial diversion. We disagree. The largess of judicial diversion is not available to a defendant who has

been previously convicted of a Class A misdemeanor. Tenn. Code Ann. § 40-35-313(a)(1)(B)(i)(c). The defendant had a prior conviction for Class A misdemeanor assault. *Id.* § 39-13-101(b)(1).

## FULL PROBATION

The defendant contends the trial court erred in denying full probation. Again, we disagree.

A court's determination of whether the defendant is entitled to alternative sentencing requires a different inquiry from whether the defendant is entitled to full probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). The state has the burden of overcoming the statutory presumption in favor of alternative sentencing where the defendant is entitled to such a presumption. *See* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); Tenn. Code Ann. § 40-35-102(6). However, the defendant has the burden of establishing suitability for total probation, even if the defendant is entitled to the statutory presumption of alternative sentencing. State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995); Tenn. Code Ann. § 40-35-303(b).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

The defendant contends that the trial court improperly failed to consider mitigating factor (7), that the defendant was motivated by a desire to provide necessities for the defendant's family, and mitigating factor (13), under which proviso the court is allowed to consider a defendant's statement of remorse. *See* Tenn. Code Ann. § 40-35-113(7), (13).

There is no evidence in the record establishing the offense was committed to provide necessities for the defendant's family. With respect to the statement of remorse, we can find no such statement in the record. No such statement appears in the pre-sentence report, and the defendant offered no testimony at the sentencing hearing. These contentions are without merit.

The defendant also contends the trial court failed to consider the defendant's education. To the contrary, the trial court expressly stated it considered the defendant's education.

In our view, the trial court did not err in requiring the defendant to serve ninety days of incarceration. The defendant had a prior history of criminal activity, including a conviction for assault and the use of marijuana for the past five years. *See* Tenn. Code Ann. § 40-35-103(1)(A). He further conceded the use of marijuana the night before his interview with the pre-sentence report officer. He was previously afforded probation for his assault conviction, yet committed the present offenses. *See id.* § 40-35-103(1)(C). There is no indication of remorse in the record. The defendant did not carry his burden of showing entitlement to full probation. *See id.* § 40-35-303(b).

We affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE